Taylor, C. J.
delivered the Opinion of the Court:
This case depends upon the interpretation of certain words introduced into the act of 1800, concerning horse-racing.—The expressions of the act are, that all horse-racing contracts shall be reduced to writing and signed by the parties thereto, at the time they are made. Do these words signify that a race shall not be made by parol one day, and the writings executed on another? Or, do they import that the contract shall not be written on one day and signed by the parties on a subsequent day? That the latter is the true and rational construction, is, I think, evident from the context and subsequent part of the clause; for a contract cannot be signed until it is written; and therefore it is not made until it is reduced to writing. What passes between the parties in conversation before the contract is written, is carefully kept out of view by the act itself, which excludes parol evidence to alter or explain; but if the written contract is set aside, because the parties conversed about the race before, or even made the race before, it must be done by parol evidence of that fact, which would be in the face of the act. No possible mischief can arise from the parties making a race at one time, if they afterwards deliberately put the terms on paper and sign them at the same time; but if there is any length of interval, between the writing and signing of the contract, a man might be entrapped, by hastily putting his name to a contract, the terms of which might have escaped his recollection. It was this inconvenience which the Legislature meant to guard against, and not to destroy a written contract, because it had been preceded by discussion and argument as to the terms; for such a method is calculated to prevent surprize and misapprehension. If, however, it could be shewn by any induction, that the written articles do not form the contract contemplated by the Legislature, but that *91 the race is the contract, what is the consequence?—it is declared to be void; but it was already a nullity by the operation of law, being extinguished by the subsequent speciality. So that, whichever way it is taken the party has a right to recover.